MRS. EDITH BRADLEY GRIFFING, *et vir.,* v. MRS. C. M. GRIFFING, a Widow.

163 So. 141.

Opinion Filed September 23, 1935.

Rehearing Denied October 7, 1935.

*John L. Nixon* and *W. D. Minger,* for Appellants; *Jennings & Watts,* for Appellee.

BUFORD, J.—The appeal in this case is from final decree adjudicating a certain purported contract, which was recorded after execution, to be a cloud on complainant's title,

cancelling the contract of record and abating its effect as cloud on complainant's title.

The purported contract was one between one Mrs. C. M. Griffing, a widow, the owner of the land described therein, and Mrs. Edith Bradley Griffing, a married woman, and in it Mrs. C. M. Griffing purported to agree to sell and convey to Mrs. Edith Bradley Griffing certain lands in Baker County, Florida. Mrs. Edith Bradley Griffing agreed to pay $5,000.00 for the land and to pay all outstanding taxes against the land and to pay all costs, attorney's fees which would be incurred by foreclosure of the mortgage held by Mrs. C. M. Griffing, pledging the land as security.

There was no time named in the agreement within which any part of it should be performed. There is neither allegation nor proof that Mrs. Edith Bradley Griffing performed any part of the agreement. As heretofore said, she was a married woman, and, therefore, was not bound by the agreement.

The agreement could not be enforced against Mrs. Edith Bradley Griffing and, therefore, could not be enforced against Mrs. C. M. Griffing, because of the lack of mutuality.

The appearance of the contract on the record constituted a mere cloud on the land owner's title and otherwise was of no force and effect. The order cancelling the record and removing the same as a cloud on complainant's title was without error and should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.